**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MARQUITA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) | Case Number _____ |
| Serve Registered Agent: | ) | |
| 112 SW 7TH STREET SUITE 3C, | ) | |
| TOPEKA, KS 66603 | ) | |
| | ) | **REQUEST FOR JURY TRIAL** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Marquita Smith (hereinafter "Plaintiff"), by and through her undersigned attorney and for her cause of action against Defendant FedEx Ground Package System, Inc. (hereinafter "Defendant"), alleges and states as follows:

### Parties

1.      Plaintiff is an individual residing in Wyandotte County, Kansas.

2.      Defendant is a wholly owned subsidiary of FedEx Corporation and is incorporated in the state of Delaware, and has facilities nationwide, including one in Shawnee, Kansas.

3.      At all times pertinent to this Petition, Defendant was a for-profit corporation incorporated under the laws of the state of Kanas.

### Jurisdiction and Venue

4.      This is a discrimination and retaliation lawsuit based upon and arising under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*) ("Title VII").

5.     This Court has jurisdiction and venue over all factual and legal matters relevant to this cause of action.

6.     Defendant engaged in discriminatory acts prohibited Title VII  in Johnson County, Kansas.

7.     Plaintiff was first injured by Defendant's unlawful discriminatory conduct in Johnson County, Kansas.

8.     Plaintiff was an employee of Defendant within the meaning of Title VII.

9.     Defendant is an "employer" within the meaning of Title VII.

10.     At all relevant times, Defendant has operated business in a continuing and ongoing fashion and employed employees in Kansas.

10.     Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

## Administrative Procedures

11.      On or about July 11, 2019, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Kansas Human Rights Commission ("KHRC"), alleging discrimination due to sex. The Charge of Discrimination is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein.

12.     On or about August 19, 2019, Plaintiff timely filed a Charge of Discrimination with the EEOC, which was dually filed with the KHRC, alleging retaliation for filing a sexual harassment claim against Defendant. The Charge of Discrimination is attached hereto as Exhibit B and incorporated by reference as if fully set forth herein.

2

13.     On or about January 8, 2020, the EEOC issued to Plaintiff Notices of Right to Sue on both of her Charges and this lawsuit has been filed within ninety (90) days of the receipt of the EEOC's Notice of Right to Sue. The Notices of Right to Sue are attached hereto as Exhibit C and Exhibit D and incorporated by reference as if fully set forth herein.

14.     The aforesaid Charges of Discrimination provided the KHRC and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a KHRC or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

15.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

## Background

16.     Plaintiff's sex is female.

17.     At all relevant times, Defendant has been engaged in an industry affecting commerce and has continuously had more than fifteen (15) employees.

18.     Plaintiff was hired by Defendant as a package handler in July of 2017 at Defendant's Shawnee, Kansas location.

19.     In or around June of 2019, Plaintiff's supervisor, Jose Conejo, (hereinafter, "Conejo") began sexually harassing Plaintiff, both physically and verbally.

20.     On or around June 19, 2019, Mr. Conejo inserted his fingers into Plaintiff's pant pocket, and tugged on her pants, while comparing the color of Plaintiff's pants to a Monte Carlo vehicle he had seen and really liked.

21.     Plaintiff was shocked by this and immediately pulled away from Conejo.

22.     Later in the day on June 19, 2019, Plaintiff removed a damaged box from the conveyor belt so that none of the items inside would be lost.

23.     Plaintiff brought this box to Conejo's attention and he began inspecting the box, which he found contained ladies' undergarments.

24.     Conjeo picked up a bra from the box and began squeezing it and asking why women wore so much padding in a bra and stating it was "false advertising."

25.     As he squeezed the bra, Conejo told Plaintiff that if he were with a woman and "she took off her bra and had small titties" that he would be "pissed off."

26.     Plaintiff was shocked and responded by telling Conejo that he was an "asshole" and walking away from him.

27.     On or around June 20, 2019, Plaintiff noticed Conejo staring up at her from underneath the conveyor belt area.

28.     Plaintiff was so startled that she screamed and asked Conejo what he was doing.

29.     Conejo laughed and told Plaintiff that he was looking for her coworker, Scott (last name unknown) and asked where he was.

30.     Plaintiff's coworker, Scott, had been standing across the conveyor belt from Plaintiff the whole time and would have been clearly visible to Conejo.

31.     Plaintiff's coworker, Scott, observed this occurrence and told Plaintiff that he thought it was "really creepy."

32.     On or around June 21, 2019, Plaintiff went to the time clock area to get her paycheck and clock in, when Conejo came up to her.

33.     Conejo stated that he just wanted to make sure that Plaintiff got her paycheck and he began rubbing her back in a suggestive manner.

4

34.     Plaintiff shook Conejo's hand off and he withdrew his hand from her back and walked away.

35.     The sexual harassment by Conejo left Plaintiff feeling uncomfortable, stressed, and anxious.

36.     On or around July 11, 2019 Plaintiff filed a complaint regarding Conejo's sexual harassment with the FedEx Human Resources office and with the EEOC.

37.     After Plaintiff filed these complaints, Conejo began attempting to intimidate Plaintiff.

38.     Conejo continued to make a point to be in proximity to Plaintiff and he would stare at Plaintiff without saying anything.

39.     A different supervisor also told his subordinates to avoid Plaintiff and not speak to her.

40.     Plaintiff called in on or around July 23, 2019 and July 24, 2019, due to her child being ill and having to take her child to the emergency room.

41.     Plaintiff returned to work on or around July 25, 2019 with a doctor's note discussing her child's medical condition and the emergency room visit.

42.     Upon Plaintiff's return to work on or around July 25, 2019, Conejo handed Plaintiff a "write-up" for having called in for two consecutive days.

43.     This write-up was issued despite Plaintiff following Defendant's policies for notification of absences.

44.     Plaintiff had also previously followed these same procedures in the past and had never previously been written-up for this.

5

45.     Plaintiff asked Conejo's supervisor why she had been written up and why Conejo continued to harass her after she had filed her complaints.

46.     Conejo's supervisor told Plaintiff he was unaware of any complaints.

47.     Upon information and belief, Plaintiff was written up by Conejo in retaliation for her filing two complaints regarding Conejo's sexual harassment.

48.     Conejo also sexually harassed another female coworker of Plaintiff, making comments when the coworker bent over stating "I would like to see that" and also staring at the employee's breasts.

49.     Upon information and belief, at least two other female employees of Defendant have been the target of Conejo's sexual harassment or have witnessed Conejo sexually harassing female employees.

## COUNT I
## Discrimination because of Sex, Title VII (42 U.S.C. §§ 2000e *et seq.*)

50.     Plaintiff re-alleges and incorporates by reference the allegations contained in the above paragraphs as if fully set forth herein.

51.     During Plaintiff's employment with Defendant, Plaintiff was subjected to harassment based on her sex, female, by Defendant, including by her supervisors and co-workers.

52.     Among the discriminatory conduct, Defendant allowed Conejo's sexual harassment and intimidation of Plaintiff to continue.

53.     Upon information and belief, Plaintiff's sex was a motivating factor in the discriminatory conduct during her employment with Defendant.

54.     All actions or inactions of or by Defendant occurred by or through its owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

6

55.     Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

56.     As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and other non-pecuniary losses.

57.     The conduct of Defendant was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

58.     Plaintiff is also entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory, and punitive damages, all costs, expenses, and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II
### Retaliation, Title VII (42 U.S.C. §§ 2000e *et seq.*)

59.     Plaintiff re-alleges and incorporates by reference the allegations contained in the above paragraphs as if fully set forth herein.

60.     Plaintiff engaged in protected activity under Title VII in opposing discriminatory conduct by reporting and complaining of the harassment and discrimination to Defendant's human resources department and to the EEOC.

61.     Defendant took adverse actions against Plaintiff as a result of her engaging in the aforementioned protected activity.

62.     Plaintiff was subjected to formal written disciplinary action in response to Plaintiff engaging in the aforementioned protected actions.

63.     All actions or inactions of or by Defendant occurred by or through its owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

64.     Defendant's actions constitute an unlawful discriminatory practice against Plaintiff in violation of Title VII, as alleged herein.

65.     As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and other non-pecuniary losses.

66.     The conduct of Defendant was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

67.     Plaintiff is also entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory, and punitive damages, all costs, expenses, and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

<u>**Demand for Jury Trial and Designation of Place of Trial**</u>

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully submitted,

 /s/ *Sarah C. Liesen*

| | |
|---|---|
| Sarah C. Liesen, | KS #26988 |
| Alexander Edelman, | KS #25821 |

EDELMAN, LIESEN & MYERS, L.L.P.
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Tel: (816) 301-4056
Fax: (816) 463-8449
sliesen@elmlawkc.com
aedelman@elmlawkc.com

**ATTORNEYS FOR PLAINTIFF**